UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JASON LAMOUNTE MORGAN**<br>    D.O.C. # 590378 | : | **DOCKET NO. 2:22-cv-06171**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TED HOOPER** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jason Lamounte Morgan, who is proceeding *pro se* in this matter. Morgan is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary in Angola. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED** without prejudice for lack of jurisdiction.

## I.
### BACKGROUND

*A. State Court Proceedings*

Morgan challenges his September 22, 2011 conviction on one count of second-degree murder in Calcasieu Parish, Louisiana, and the life sentence that followed. Doc. 1, p. 1.

Morgan filed a direct appeal, pursuant to which the Louisiana Third Circuit Court of Appeal affirmed his conviction on February 6, 2013. *State v. Morgan*, 12-778 (La. App. 3 Cir 02/06/13), 107 So. 3d 146. There he raised the following assignments of error:

> 1. The evidence was insufficient to support the conviction.
>
> 2. The trial court erred in denying the defense's motion to exclude videotaped statement of deceased witness Duncan Barfield.
>
> 3. Prejudicial error occurred when the state failed to produce Wayne Jones, a witness, at trial.
>
> 4. The trial court erred in preventing the defense from questioning witness Jeremy Wyatt about his involvement in drug-related activities.

*Id*. at *3-*11. The Louisiana Supreme Court denied writs on October 4, 2013. *State v. Morgan,* 2013-0505 (La. 10/04/13), 122 So. 3d 552.

Petitioner then filed a pro se application for post-conviction relief in the trial court on December 2, 2013. *See Morgan v. Vannoy*, 2016 U.S. Dist. LEXIS 157312, *3 (W.D. La., Sept. 7, 2016). His sole claim for relief therein was that he received ineffective assistance of counsel when his attorney failed to seek a supervisory writ on the trial court's denial of the defense's Motion to Exclude. *Id*. The trial court denied relief pursuant to La. C. Cr. P. art. 930.4, as the merits of the Motion to Exclude had already been fully litigated on appeal. *Id*.

The petitioner sought review in the Third Circuit which affirmed the trial court's ruling. *Id*. He then sought review in the Louisiana Supreme Court, which denied review on October 2, 2015. *State ex rel. Morgan v. State*, 178 So.3d 583 (La. 2015).

### B. *Prior Federal Proceedings*

Petitioner was untruthful in his representation to the Court that he has never filed a petition, application, or motion in a federal court regarding the conviction challenged in the instant petition. See doc. 1, p. 11, ¶ 14. In fact, Morgan first sought federal habeas relief in this Court for the same conviction and sentence through a petition filed pursuant to 28 U.S.C. § 2254 on February 24,

2016. *See Morgan v. Vannoy*, 2016 U.S. Dist. LEXIS 157312, *3 (W.D. La., Sept. 7, 2016). Therein he raised the following claims for relief:

1. The evidence was insufficient to support the conviction.

2. The trial court erred in denying the petitioner's motion to exclude the videotaped statement of Duncan Barfield.

3. Prejudicial error occurred when the state failed to produce Wayne Jones at trial.

4. The trial court erred in preventing the defense from questioning witness Jeremy Wyatt about his involvement in drug-related activities.

5. The petitioner was denied effective assistance of counsel based on his trial attorney's failure to seek a supervisory writ on the trial court's denial of his Motion to Exclude

*Id*. at **3-4. That matter was dismissed on the merits on September 7, 2016. *Id*.

The petition presently before this Court is Morgan's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence. In this petition, he raises issues of judicial bias and denial of constitutional right to an impartial judge and a fair trial. Doc. 1, pp. 5-7.

## II.
### LAW & APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the present petition

successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id*. § 2244(b)(3)(A) and (B).

Before this Court may consider a second or successive petition, Petitioner must obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 25th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE